March 6, 1911.

———o———

5227.

(Court of Appeal, Parish of Orleans).

## PROVIDENT BUILDING AND LOAN ASSOCIATION vs. PLEASANT PLAIN METHODIST EPISCOPAL CHURCH.

Issues of fact only are involved herein.

Appeal from the Civil District Court, Division "C."

Henriques & Duchamp, for plaintiff and appellee.

H. G. Stewart, for defendant and appellant.

DUFOUR, J.—The plaintiff, having sued out executory process against real estate belonging to the defendant, was met with an injunction on the grounds that certain payments for which they held receipts had not been credited, and that, if the proper credits had been made, the defendant would not have been in default.

Six receipts are presented, aggregating a total payment of $142; and the secretary of the Homestead Ass'n. satisfactorily explains that the receipts were given because, at the time the money was paid, no entries were made in the installment books.

He adds:

"They (the receipts) were given because they were not for the regular amount and we would take these amounts and tell them, when they brought the balance to make an even amount, we would credit them on the books as was required by the charter."

He also shows that subsequently the amounts were entered in the book and, in accordance with the charter and by-laws of the association, were imputed to the payment, in the order named, of accrued interest, reimbursement of money paid for share holders for taxes, insurance, etc., and of installments on shares.

He is corroborated by the book showing in detail the entries to which he testifies.

Section 8 of the by-laws allows foreclosure of the mortgage for the balance due on the loan when the weekly payments are six months past due. It is shown that defendant was something more than a year behind in its payments when the foreclosure suit was filed.

We are satisfied that defendant received all the credits to which it was entitled and that the injunction was properly dissolved.

Judgment affirmed.

March 6, 1911.

———o———

5225.

(Court of Appeal, Parish of Orleans).